IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 3:24-cv-186 |
| | ) |
| v. | ) Injunctive Relief Requested |
| | ) |
| **VISHAV, INC. d/b/a MEGA LIQUOR & SMOKE #13**, and **BHOLA SINGH**, | )<br>)<br>) |
| Defendants. | |

## COMPLAINT

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary"), brings this action under Sections 216 and 217 of the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. §§ 201, *et seq.*, to restrain Defendant Vishav, Inc., d/b/a Mega Liquor & Smoke #13 ("Mega Liquor & Smoke"), and Defendant Bhola Singh ("Singh") (collectively, "Defendants"), from retaliating against current and former employees in violation of Section 215(a)(3) of the FLSA. Following an investigation into Defendants' pay practices by the Acting Secretary's Wage and Hour Division ("WHD"), Defendants entered into a settlement agreement ("Agreement") with WHD to pay back wages and liquidated damages to current and former employees they had not properly compensated under the FLSA. However, instead of paying their employees as agreed, Defendants threatened, intimidated, and coerced current and former employees into signing receipts of payment even though the employees either received only a portion of the back wages and

liquidated damages owed or nothing at all from the Defendants. The investigation covered the period November 9, 2020, through November 6, 2022. Unless stated otherwise, all allegations and conditions described herein pertain to the period November 9, 2020, through the present ("Covered Period").

Accordingly, the Acting Secretary seeks from this Court an order enjoining Defendants and those acting on their behalf from violating the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), through any further intimidation, threats, coercion, termination, or other adverse action against employees as a result of their protected activity. The Acting Secretary also seeks (1) an Order requiring Defendants to pay the full settlement amount to WHD for distribution to Defendants' current and former employees; and (2) punitive damages for Defendants' retaliation against their employees.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Section 217 of the FLSA. 29 U.S.C. § 217; 28 U.S.C. §§ 1331, 1345.

2. Venue is proper in the United States District Court for the Northern District of Indiana because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Parties

3. Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor is vested with the authority to file suit to restrain violations of

2

the FLSA and to recover back wages and liquidated damages, and is the proper plaintiff for this action.

4. Defendant Vishav, Inc., d/b/a Mega Liquor & Smoke #13, is an Indiana corporation with a principal address at 7106 Grape Road, Granger, Indiana 46530. This location is one of over 15 locations operating under the company named Vishav, Inc., and one of 61 stores located in the states of Indiana and Michigan named Mega Liquor & Smoke and owned and operated by Defendant Bhola Singh.

5. Mega Liquor & Smoke employed employees, including those who worked as cashiers.

6. Mega Liquor & Smoke set its employees' method and amount of pay, created policies for employee compensation, and maintained employment-related records.

7. Defendants set the hours worked by its employees, supervised employees' work, and had the power to hire and fire them.

8. Defendant Singh is co-owner of Mega Liquor & Smoke.

9. Singh actively managed and supervised Mega Liquor & Smoke's operations and employees. Among other things, Singh has hired and directed the work of employees, set pay rates, and managed human resource functions, administrative functions, time and payroll processing, and all merchandise decisions including ordering and receiving.

10. Singh has acted directly or indirectly in Mega Liquor & Smoke's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

11. Singh has threatened, intimidated, and coerced at least 13 current and former employees to sign receipts of payment without those employees ever having received payment under terms of the agreement Defendants entered with WHD. Singh's actions therefore affected the compensation that Defendants' employees received.

12. Singh resides in Granger, Indiana, within the jurisdiction of this Court.

13. The claims against Singh arise out of and are directly related to his business activities in Indiana.

### The FLSA Applies to Defendants

14. Mega Liquor & Smoke is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r). Mega Liquor & Smoke is an "enterprise engaged in commerce" under the FLSA because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

15. In a settlement agreement dated September 29, 2023, between WHD and Defendants ("Agreement", attached hereto as Exhibit A), Defendants agreed

4

they were an enterprise under Section 203(s)(1)(A) of the FLSA and that the provisions of the FLSA applied to them.

## The Acting Secretary's Investigation

16. In 2022, on behalf of the Acting Secretary, the WHD began an investigation into the wage and hour practices of Mega Liquor & Smoke and its owners, including Singh.

17. The investigation covered the period from November 9, 2020, through November 6, 2022 (the "Investigation Period").

18. In the course of the investigation, WHD determined Defendants had violated multiple provisions of the FLSA, including the minimum wage provisions of Section 206 and the overtime provisions of Section 207.

19. WHD determined Defendants owed certain employees back wages and liquidated damages for the Investigation Period.

20. On or about September 23, 2023, Defendants entered into the Agreement, pursuant to which they agreed to pay $354,633.24 in back wages and liquidated damages that they owed to affected current and former employees by October 27, 2023.

21. At the time the Agreement was executed, Defendants represented to WHD they were currently in compliance with applicable provisions of the FLSA.

22. Defendants further agreed that they "and any of their agents or anyone acting on their behalf will not, directly or indirectly, solicit or accept the return or refusal of any sums paid or due under this Agreement."

23. In the Agreement, Defendants also agreed to waive all defenses based on the passage of time since the signing of the Agreement in the event they did not pay their employees as required by the Agreement and the Acting Secretary then chose to initiate legal action.

### Defendants' Failure to Pay and Unlawful Retaliation

24. Beginning in September 2023, after Defendants agreed to pay affected employees the back wages and liquidated damages calculated in the Acting Secretary's investigation, Defendants threatened and intimidated current and former employees to convince them to sign receipts of payment without ever paying the employees the back wages and liquidated damages due, in violation of Section 215(a)(3) of the FLSA.

25. Beginning in approximately January 2024, Defendants sent Form WH58 ("WH58" or "the form"), which constitute receipts of payment, to current and former employees owed back wages and liquidated damages under the terms of the Agreement from the Investigation Period.

26. Defendants did not remit full payment—or, in some cases, any payment—to the current and former employees owed back wages and liquidated damages under the terms of the Agreement.

27. Defendants began intimidating, threatening, and coercing current and former employees to sign the forms, averring that they had been paid despite the employees never receiving full—or, in some cases, any—payments in accordance with the Agreement.

28. In many instances, Singh told workers they had to sign the WH58 without allowing them to read or review the form before signing.

29. Other times, Singh coerced workers into signing the forms by placing the form in front of the worker and repeatedly tapping the signature line while telling them to sign the form.

30. Based on their experience working for and with Singh, employees believed he would fire them if they did not sign the WH58s.

31. Singh told employees that although he could not fire employees for speaking to representatives from the Department of Labor, he could find another reason to fire them.

32. Singh also coerced other employees to solicit signatures from current and former employees on Defendants' behalf, asking them to inform those employees their signature would certify they were not due any additional money.

33. One employee who Singh instructed to collect signatures denied employees an opportunity to review the forms before signing, telling those workers she is owed money herself and will not accept payment, so everyone should sign their forms.

34. The same employee, acting on Defendants' behalf, instructed current employees not to speak to representatives from WHD.

35. Employees felt pressured to sign the forms.

36. Singh stated that although he could not fire employees for speaking to representatives from the Department of Labor, he could find another reason to fire them.

37. In some cases, Singh instructed employees to write checks to current employees who were owed back wages and/or liquidated damages but stated if the employee had signed a WH58 stating they had been paid—regardless of whether that attestation was true—they could not cash the check and either had to destroy the check or to return it to Defendants.

38. One employee intended to cash their check and keep their money, but assumed Singh would fire them for doing so.

39. Another employee requested back pay from Singh, but in response Singh yelled at and intimidated the employee, leaving the employee afraid to ask again for the money they are due.

## COUNT ONE
**(Violation of the Anti-Retaliation Provision of the FLSA, 29 U.S.C. § 215(a)(3))**

40. The Acting Secretary incorporates by reference and realleges all foregoing allegations in this Complaint.

41. Section 215(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to

8

this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

42. Defendants have violated and continue to violate Section 215(a)(3) by coercing certain of their employees through threats and intimidation not to accept compensation to which the employees were entitled under the FLSA.

43. Defendants have violated and continue to violate Section 215(a)(3) by retaliating against and intimidating employees from engaging in the protected activity of communicating with or being about to communicate with the Acting Secretary in connection with the Acting Secretary's investigation of Defendants under the FLSA.

44. As a result of Defendants' retaliatory conduct described in paragraphs 29 through 35 above, a reasonable employee would be dissuaded from engaging in activities protected under the Act, such as asserting their right to receive proper compensation or cooperating with an investigation by the Acting Secretary into violations of the FLSA.

### COUNT TWO
### (Violations of Section 206 and 215(a)(2) of the FLSA – Failure to Pay Minimum Wage)

45. The Acting Secretary incorporates by reference and realleges all the foregoing allegations in this Complaint.

46. Defendants' threats, intimidation, and coercive tactics have caused certain employees not to receive portions or all the compensation they are owed.

47. Thus, some employees have not received all the minimum wage compensation and/or liquidated damages they are owed from the Investigation Period.

48. Under Sections 206 and 215(a)(2) of the FLSA, Defendants are liable for minimum wage compensation and liquidated damages still owed to their employees for the Investigation Period.

49. Defendants' actions have been willful. As set forth above, Defendants have threatened, intimidated, and coerced employees in an effort not to pay them the compensation they are owed.

## COUNT THREE
### (Violations of Sections 207 and 215(a)(2) of the FLSA – Failure to Pay Overtime Wages)

50. The Acting Secretary incorporates by reference and realleges all foregoing allegations in this Complaint.

51. Defendants' threats, intimidation, and coercive tactics have caused some employees not to receive portions or all the compensation they are owed.

52. Thus, some employees have not received all the overtime compensation or liquidated damages that they are owed for the Investigation Period.

53. Under Sections 207 and 215(a)(2) of the FLSA, Defendants are liable for unpaid overtime compensation and liquidated damages still owed to their employees for the Investigation Period.

54. Defendants' actions have been willful. As set forth above, Defendants have threatened and coerced employees in an effort not to pay them the compensation they are owed.

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Acting Secretary respectfully requests this Court enter judgment against Defendants and provide the following relief:

a. An order issued pursuant to Section 217 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, from violating the provisions of Section 215(a)(3) of the FLSA, including by seeking to have any employee refuse or return any compensation that is due to them;

b. An order issued pursuant to Section 217 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, from violating Sections 206, 207, and 215(a)(2) of the FLSA;

c. An order issued pursuant to Section 217 of the FLSA requiring Defendants to permit a representative of the Acting Secretary to notify all current and former employees who should have received back wages and liquidated damages pursuant to the settlement agreement that they have the right to receive and keep the back wages and liquidated damages due to them;

    d.    An order awarding damages to Defendants' current and former employees in the amounts of the back wages and liquidated damages Defendants did not pay out as a result of their retaliation in violation of Section 215(a)(3) of the FLSA, or in the alternative, an order issued pursuant to Section 217 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servers, and employees, and those persons in active concert or participation with Defendants, from withholding the payment of any back wages and liquidated damages due to Defendants' employees for the Investigation Period;

    e.    An order awarding punitive damages for Defendants' retaliation against certain current and former employees in violation of Section 215(a)(3);

    f.    An order awarding the Acting Secretary all costs of this action; and

    g.    An order awarding the Acting Secretary with any other relief the Court deems equitable and just.

Date: February 28, 2024

Respectfully Submitted,

**SEEMA NANDA**
Solicitor of Labor

U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn Street
Suite 844
Chicago, Illinois 60604
312.886.5260
gosselin.travis@dol.gov
jenkins.haley.r@dol.gov

**CHRISTINE Z. HERI**
Regional Solicitor

**TRAVIS W. GOSSELIN**
Senior Trial Attorney

*/s/ Haley R. Jenkins*
**HALEY R. JENKINS**
Trial Attorney

*Counsel for Julie A. Su, Acting Secretary of Labor, United States Department of Labor, Plaintiff*